# EXHIBIT 1

103

'14 Bushels Est.

11948

## CONTRACT OF EMPLOYMENT AND CONSENT TO FEE SHARING

The undersigned, client, hereby employs Watts Guerra LLP and Daniel M. Homolka, P.A., called "the Firms," as my attorneys to represent me in all claims, suits, or other matters arising out of and resulting from economic damages sustained from the use of the Syngenta GMO Products or those products adverse affect on the U.S. corn market. 1. THE FIRMS' AUTHORITY. Client fully authorizes and directs "the Firms" to manage and handle my claims as they deem proper and to investigate and prosecute them, with or without filing a lawsuit, in any manner they deem advisable. Client authorizes the Firms to deliver in my name any and all notices, receipts, authorizations, releases, pleadings and any other documents proper in and to the handling of my claims. Client authorizes the Firms to use their professional judgment and any relevant documents, records, or other information that the Firms deem necessary to the proper representation of Client. If, at any time, the Firms determine, for any permissible reason, that the prosecution of Client's claims should be discontinued, the Firms may withdraw from my representation. The client consents that the retained Firms may consult with and exchange client information with the other attorneys and Firms handling similar cases with a common interest. 2. CLIENT'S COOPERATION. Client agrees to cooperate fully with the Firms, disclose all relevant facts and promptly advise the Firms of any change in address or telephone number, and to promptly comply with all reasonable requests of the Firms on all matters related to this contract. Client understands that failure to fully cooperate may be a basis for termination of this contract. Client agrees not to attempt on his/her part to unilaterally settle the claims made the subject of this contract. The Client will rely exclusively upon ! the representation of the Firms during any settlement negotiations. No settlement will be made without the Client's consent. 3. CONTINGENT FEE ARRANGEMENT. The Firms will assume joint responsibility for Client's representation. In consideration of such legal services, Client hereby assigns and grants to the Firms FORTY PERCENT (40%) of any monies, interest, or property recovered, depending on when a recovery is made. Client hereby consents to the Firms' sharing these attorneys' fees 66.7% to Watts Guerra LLP and 33.3% to Daniel M. Homolka, P.A.. Attorneys' fees will be calculated based on the gross recovery. In the event there is no recovery, Client owes the Firms nothing. 4. EXPENSES PAID BY THE FIRMS. The Firms agree to advance any and all reasonable expenses associated with the prosecution of client's claim. The Firms will pay the expenses advanced, unless ordered otherwise by a Court of Law. Client understands the Firms will be representing multiple clients with similar claims and agrees that in representing multiple clients many of the expenses incurred are common case expenses, which are costs and expenses incurred for the benefit of multiple clients, including expert witness fees, depositions of defendants, experts, and non-party witnesses, settlement conferences, trial expenses, filing fees, copy costs, and other expenses that are incurred for purposes of influencing the outcome of multiple clients' claims. Client agrees that only the common case expenses ordered by a Court of Law are reimbursable to The Firms. 5. MULTIPLE CLIENTS. Client understands and agrees that the Firms may be representing more than one client in this matter and that the following aspects of joint representation have been disclosed: (1) that the Client might gain or lose some advantages if represented by separate counsel; (2) that the Firms cannot serve as an advocate for one client against another client, but must assist all clients in pursuing their common purposes; (3) that the Firms must deal impartially ! with every client; (4) that information received by the Firms from or on behalf of any jointly represented client concerning the matter may not be confidential or privileged as between the jointly-represented clients and may be disclosed to other jointly-represented clients as is deemed proper or necessary; (5) if a conflict arises between clients that results in the discharge or withdrawal of the Firms, the Firms might not be able to continue representing any of the clients involved; and (6) that the representation of all clients by the Firms will not necessarily expedite handling of the matter or reduce associated attorneys' fees and expenses. Client consents to the Firms representing more than one client in this matter. 6. If any provision of this agreement shall be held to be invalid, illegal, unenforceable or in conflict with the law of any jurisdiction, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. 7. NO SOLICITATION OF CLIENT. By signing and entering into this agreement, Client hereby affirms that Client's case was not solicited by the Firms, the agreement is not being entered into as a result of promises of money, no promises of a successful recovery have been made to Client, and Client has freely and voluntarily entered into this agreement.

- I have read and agree to the terms

Signature

*Roland Bromby*         *Mike Watts*