UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Kenneth P. Kellogg, Rachel Kellogg and Kellogg Farms, Inc., Roland B. Bromley and Bromley Ranch, LLC, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Watts Guerra, LLP, Daniel M. Homolka, P.A., Yira Law Office Ltd., Hovland and Rasmus, PLLC, Dewald Deaver, P.C., LLO, Givens Law, LLC, Mauro, Archer & Associates, LLC, Johnson Law Group, Wagner Reese, LLP, VanDerGinst Law, P.C., Patton Hoversten & Berg, P.A., Cross Law Firm, LLC, Law Office of Michael Miller, Pagel Weikum PLLP, Wojtalewicz Law Firm, Ltd., Mikal C. Watts, Francisco Guerra, and John Does 1-50<br><br>　　　　　　　　　　Defendants. | Court File No. 0:18-cv-01082-DWF-BRT<br><br>**DEFENDANTS DANIEL M. HOMOLKA P.A. AND YIRA LAW OFFICE, LTD.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PENDING TRANSFER BY JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

The above-captioned action comes before the Court on Defendants Daniel M. Homolka, P.A. and Yira Law Office Ltd. ("the Moving Defendants") motion to stay proceedings in this case pending the decision by the Judicial Panel on Multidistrict Litigation's ("JPML") to transfer this action into an already-established Multidistrict Litigation ("MDL") proceeding in the United States District Court for

the District of Kansas. The Moving Defendants respectfully submit that a stay pending a decision by the JPML best serves the interests of efficiency and fairness for both the parties and the Court.[1] The Moving Defendants attempted to meet and confer with Plaintiffs, by telephone and multiple emails to their attorney of record, but received no response. Given the pendency of deadlines applicable to some of the non-moving defendants, the Moving Defendants determined that Plaintiffs were unavailable to meet and confer before the present motion was filed, and proceeded to file the motion. The Moving Defendants conferred with counsel for the other Defendants, who are in support of the requested relief.

## PROCEDURAL BACKGROUND

Plaintiffs filed their initial Complaint in this matter on April 24, 2018. Pursuant to 28 U.S.C. § 1407, on April 30, 2018, Defendants moved to transfer the matter to MDL 2591, *In re: Syngenta AG MIR162 Corn* Litigation, pending in the United States District Court for the District of Kansas. Aff. Medeiros, Ex. 1. On May 1, 2018, the Judicial Panel on Multidistrict Litigation (JPML) issued its

---

[1] Other courts have stayed similar litigation pending a decision on transfer to the MDL, and this Court should similarly stay this matter. See, e.g., Order, Dkt. 8, *In re Cases Against Syngenta Corp., et al.* Assigned to Hon. Richard H. Kyle, No. 0:15-cv-00225-RHK-JSM (D. Minn. Feb. 26, 2015); Order, Dkt. 26, *Lutringer v. Syngenta Corp.,* No. 4:14-cv-03664 (S.D. Tex. Feb. 17, 2015); Order, Dkt. 43 at 2, *Cargill v. Syngenta Seeds, Inc.,* No. 2:14-cv-02388-LMA-DEK (E.D. La. Dec. 17, 2014); Order, Dkt. 29, *Kalina v. Syngenta Corp.,* No. 4:14-cv-03666 (S.D. Tex. Feb. 17, 2015); Order, Dkt. 9, *Archer Daniels Midland Co. v. Syngenta Corp.*, No. 2:14-cv-02891-SM-KWR (E.D. La. Dec. 29, 2014); Order, Dkt. 43; Order, Dkt. 15, *Fornea-5, LLC v. Syngenta AG*, No. 2:14-cv-02670-LMADEK (E.D. La. Dec. 17, 2014); Order, Dkt. 19, *Hargrove v. Syngenta Seeds, Inc.*, No. 5;14-cv-00380- BSM (E.D. Ark. Nov. 17, 2014); see also, e.g., Order, Dkt. 12, *Guth v. Syngenta Corp.,* No. 0:14-cv-04464-DSD-HB (D. Minn. Nov. 14, 2014).

Conditional Transfer Order (CTO-85), transferring this action to the above referenced MDL proceeding. Plaintiffs filed a Notice of Opposition to CTO-85 on May 7, 2018; Aff Medeiros, Ex. 2. On May 8, 2018, the JPML issued a briefing schedule on CTO-85, requiring briefs in support of the Opposition to be filed on or before May 22, 2018, and consolidated responses due on or before June 12, 2018. Aff. Medeiros, Ex. 3. On May 14, 2018, Plaintiffs' counsel requested an extension to file the Motion and Brief to Vacate CTO in the JPML, which was granted, moving the deadline to May 29, 2018. *Id.*

As of this date, Plaintiff has perfected service of process on Defendant Yira Law Office Ltd., but has not yet perfected service on Defendant Daniel M. Homolka, P.A. Aff. Medeiros, ¶ 2.

## ARGUMENT & AUTHORITIES

**I.    Legal Standard for Motions to Stay Pending JPML Transfer**

District courts have inherent authority to stay their proceedings in the interests of economy and efficiency. *See Landis v. No. Am. Co.,* 299 U.S. 248, 254 (1936) (emphasizing that the power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Courts typically evaluate (1) the judicial efficiency gained and judicial resources saved by staying the case, (2) the hardship and inequity to the moving party if the case is not stayed, and (3) the potential prejudice to the non-moving party. *See, e.g., Adams v. Tysons Food, Inc.*, No. 07-CV-4019, 2007 WL 1539325, at *1 (W.D.

Ark. May 25, 2007); *Emerson v. Lincoln Elec. Holdings, Inc.*, No. 09-6004-CV, 2009 WL 690181, at *1 (W.D. Mo. Mar. 12, 2009).

In *Edens v. Volkswagen Group of American, Inc.*, the United States District Court for the District of Minnesota considered circumstances parallel to this case. No. 16–CV–0750, 2016 WL 3004629, at *1–2 (D. Minn. May 24, 2016). The *Edens* defendant moved to stay the case, and a CTO for the case was pending. *Id.* at *2. The *Edens* court stated the following on MDLs in connection with this situation:

> The purpose of an MDL is to coordinate or consolidate pretrial proceedings "for the convenience of parties and witnesses and [to] promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Such coordination is necessary to "avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Vioxx Prods. Liab. Litig.*, 360 F.Supp.2d 1352, 1354 (J.P.M.L. 2005). Therefore, deferring the resolution of certain pretrial matters until the Judicial Panel on Multidistrict Litigation ("JPML") renders a decision as to whether a case should be transferred to the MDL court may be appropriate. *Calder v. A.O. Smith Corp.*, No. 04–cv–1481, 2004 WL 1469370, at *1 (D. Minn. June 1, 2004). Indeed, to conserve judicial resources, "it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel." *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (observing that a majority of courts have reached this conclusion).

*Id.* at *1.

## II. Each of the Relevant Factors Weigh Heavily in Favor of a Stay Pending the JPML's Resolution of CTO-85.

This Court should grant Defendants' Motion to Stay because each of the relevant factors weigh decisively in favor of a stay pending the JPML's decision on MDL transfer.

First, staying this case will promote judicial economy. Deferring further proceedings pending the JPML's decision on MDL transfer will avoid the need to proceed further in this complex case that may be sent to an entirely different court, where proceedings are already underway. *See, e.g., Krejce v. Merck & Co., Inc.*, No. 8-cv-295 CAS, 2008 WL 824269, at *1 (E.D. Mo. Mar. 25, 2008) (stay "should be granted to conserve judicial resources and to prevent duplicative litigation and inconsistent pretrial orders pending transfer"). As courts have long made clear, it is neither necessary nor appropriate to waste judicial resources by having one forum "spend time familiarizing itself with the intricacies of a case involving complex" issues "that will ultimately be heard by another judge" in another forum as part of an MDL. *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.,* No. 09-235, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009); *see also, e.g.*, *Paul v. Aviva Life & Annuity Co.,* No. 09-1038, 2009 WL 2244766, at *1 (N.D. Ill. July 27, 2009) (explaining the "risk of expending valuable judicial resources familiarizing [our]self with the intricacies of a case that may be coordinated or consoli[dated] for pretrial purposes in another court").

As such cases observe, a stay best serves the interests of economy and efficiency by avoiding duplicative proceedings before and after potential MDL transfer. *See, e.g., Miley v. Bristol-Myers Squibb Co.*, No. 0:16-cv-00067, WL 4257596, at *1 (D. Minn. July 8, 2016) (holding that "the conservation of judicial resources is best served by allowing the JPML to determine whether this action should be part of an MDL); *Gallo v. E.I. DuPont De Nemours & Co.*, No. 2:11-cv-680, 2011 WL 3876584, at *4 (S.D. Ohio Sept. 2, 2011) (granting stay where there is "the chance that the same battles will have to be fought more than once"). Unsurprisingly, courts routinely grant stays pending decision on MDL transfer. *See supra* n.1.

Second, the potential hardship and inequity to Defendants is great if a stay is not granted. Indeed, Defendants will be subjected to the potential of "duplicative motion practice and discovery proceedings." *See Emerson*, 2009 WL 690181, at *1. In that regard, Defendants intend on filing Rule 12(b) motions to dismiss Plaintiffs' Complaint. But at the same time, Defendants must also respond to Plaintiffs' Opposition to the CTO. Granting a stay will allow Defendants to focus their resources on the JPML briefing before turning their attention to Plaintiffs' meritless Complaint. *See, e.g. Witherspoon v. Bayer Healthcare Pharm., Inc.*, No. 4:13CV01912, 2013 WL 6069011, at *2 (E.D. Mo. Nov. 18, 2013) (agreeing that Defendant would be "forced to litigate complex issues both in this Court and the MDL court" if a stay was not granted).

Third and finally, Plaintiffs will not be prejudiced in any way if a stay is granted. As demonstrated by the procedural history above, this case is in its infancy. Plaintiffs filed their Complaint less than a month ago. Plaintiff has not yet served all of the Defendants. No discovery has taken place, and other than Defendants' responsive pleadings, there are no pending deadlines. Further, briefing on CTO-85 will be completed by June 12, 2018. Thus, the JPML likely will render a decision sometime later that month. As such, a stay granted here will not be long, and certainly will not prejudice Plaintiffs. *See, e.g. Iowa ex rel. Miller v. McGraw-Hill Cos., Inc.*, No. 4:13-cv-00111, 2013 WL 12308088, at *2 (S.D. Iowa Apr. 17, 2013) (granting stay and finding that Plaintiffs would not be prejudiced because the JMPL would "make its determination in a matter of months, a time frame which does not cause significant delay.").

Accordingly, the Court should grant the Moving Defendants' motion. *See, e.g. Jewett v. Baxter*, Civ. 17-5036, 2017 WL 2389544, at *2 (D. S.D. June 1, 2017) (granting motion to stay pending JPML decision on CTO).

## CONCLUSION

For the foregoing reasons, this Court should grant the Moving Defendants' motion to stay further proceedings and deadlines in this case pending the Judicial Panel on Multidistrict Litigation's decision regarding the transfer of this action into the MDL established in the District of Kansas.

| | |
|---|---|
| May 16, 2018 | **LIND JENSEN SULLIVAN & PETERSON A PROFESSIONAL ASSOCIATION** |// 

May 16, 2018

**LIND JENSEN SULLIVAN & PETERSON
A PROFESSIONAL ASSOCIATION**

*/s/ João C.J.G. de Medeiros*
Richard A. Lind, I.D. No. 0063381
João C.J.G. de Medeiros, I.D. No. 0390515
901 Marquette Ave. So.
Minneapolis, MN 55402
Telephone: (612) 333-3637
Facsimile: (612) 333-1030
Rick.lind@lindjensen.com
Joao.medeiros@lindjensen.com

*Counsel for Defendants Daniel M. Homolka, P.A. and Yira Law Office, Ltd.*