UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kenneth P. Kellogg, Rachel Kellogg and Kellogg Farms, Inc., Roland B. Bromley and Bromley Ranch, LLC, individually, and on behalf of all others similarly situated, | Court File No. 18-cv-01082-DWF-BRT |
| Plaintiffs, | **PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND INJUNCTIVE RELIEF** |
| v. | |
| Watts Guerra, LLP, Daniel M. Homolka, P.A., Yira Law Office LTD, Hovland and Rasmus, PLLC, Dewald Deaver, P.C., LLO, Givens Law, LLC, Mauro, Archer & Associates, LLC, Johnson Law Group, Wagner Reese, LLP, VanDerGinst Law, P.C., Patton, Hoversten & Berg, P.A., Cross Law Firm, LLC, Law Office of Michael Miller, Pagel Weikum, PLLP, Wojtalewicz Law Firm, Ltd., Mikal C. Watts, Francisco Guerra, and John Does 1-50, | |
| Defendants. | |

Plaintiffs Kenneth P. Kellogg, Rachel Kellogg, Kellogg Farms, Inc., Roland B. Bromley and Bromley Ranch, LLC, individually, and on behalf of all others similarly situated ("Farmers"), respectfully move the Court for the following orders:

**CLASS CERTIFICATION**

1. This is a federal racketeering, breach of fiduciary duty and fraud class action brought by the *Kellogg* plaintiffs on behalf of 60,000 corn growers across the United States against a Texas law firm and co-counsel in multiple states ("Defendants").

1

The class is comprised of corn growers who were deceptively solicited to sign Defendants' 40 percent contingent fee retainer contracts to file individual lawsuits in Minnesota state courts as a scheme to collect an unreasonable fee.

2. *Kellogg* asserts federal statutory claims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.*, and Minnesota statutory claims under the Prevention Of Consumer Fraud Act, Minn. Stat. §§ 325F.68-70, False Statement In Advertising Act, Minn. Stat. § 325F.67, Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43-48, and Misconduct by Attorneys/Penalties for Deceit or Collusion, Minn. Stat. §§ 481.071 and 481.07, and common law claims including breach of fiduciary duty. The Minnesota statutory and fiduciary claims implicate Minnesota public policy such as the regulation of attorney deceit in Minnesota.

3. Plaintiffs request an order under Fed. R. Civ. P. 23 certifying that this action may be maintained as a class action for the Class, designating Plaintiffs as the named representatives of the Class, and appointing Plaintiffs' counsel as counsel for the Class. The proposed Class is defined as:

> All persons or entities who signed attorney retainer contracts with Watts Guerra, LLP and joint venture partners, for representation in claims, suits or other matters arising out of and resulting from economic damages sustained from the use of Syngenta GMO products or those products' adverse effect on the U.S. corn market.

*See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("sometimes [class

certification] issues are plain enough from the pleadings … ."); *City of Farmington Hills Employees Ret. Sys. v. Wells Fargo Bank, N.A..* Civil No. 10-4372 (DWF/JJG) (D. Minn. March 27, 2012) (certifying class action with non-Minnesota class members under Minnesota breach of fiduciary duty law when Wells Fargo entered into the same contract with each putative class member and concealed the effects of mismanagement from each class member); *Gilchrist v. Perl*, 387 N.W.2d 412, 417 (Minn. 1986) (*Perl III*) (Rule 23 class action is ideally suited for claims by plaintiffs against defendants, a lawyer and his law firm, alleging precisely the same breach of fiduciary duty).

4.  The class definition may be amended as this litigation proceeds, to include, as defendants, other law firms and lawyers who are not listed on attorney retainer contracts with Watts Guerra, LLP, but conspired with Defendants to pursue their "mass tort … individual suit" attorney fee fraud scheme, and violated fiduciary obligations to members of the Class, for financial benefit.

**NOTICE**

5.  Farmers request an order directing Defendants to identify all Class members to Farmers and the Court within 14 days of the date of the Court's order certifying the Class.

6.  Farmers request an order approving Class Notice in a form that will be timely provided to the Court for dissemination to the Class.

7.  Farmers request an order directing Defendants to provide notice through

first class mail to individual Class members pursuant to Fed. R. Civ. P. 23(c)(2), with the cost of the mailing borne by Defendants at their expense, as Defendants are required to provide notice to individual Class members consistent with their ethical obligations. *See, e.g., Sollenbarger v. Mountain States Tel. & Tel. Co.*, 121 F.R.D. 417, 436-437 (D.N.M. 1988) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 363 (1978)); *Mountain States tel. & Tel. Co. v. Dist. Court*, 778 P.2d 667, 674-677 (Colo. 1989) (shifting cost of notice to defendants by requiring defendants to include notice of the class action in regular communications to client); *see also* Minnesota Lawyers' Professional Responsibility Board, *Opinion No. 21* (A Lawyer's Duty to Consult with a Client About the Lawyer's Own Malpractice).

**INJUNCTIVE RELIEF**

8. Farmers request an order for preliminary injunctive relief; specifically, an order that any attorneys' fees (a) awarded to Defendants by the MDL court in *In Re: Syngenta AG MIR162 Corn Litigation*, MDL No. 2591, as a percentage of the common fund for work on *Syngenta*, and (b) assessed by Defendants against individual Farmers through contingent fee contracts during the claim administration process, be held in escrow pending the resolution of the litigation in this Court addressing Defendants' scheme of racketeering and fraud upon Farmers.[1]

---

[1]. The issue in the Syngenta MDL is whether Defendants are entitled to a fee for their work on Syngenta. The issue before this Court in *Kellogg* is whether the Defendants are *allowed to keep that fee* as a result of their racketeering and fraud scheme against

9. Farmers request that the Court order Defendants to file the Court's escrow order in MDL No. 2591 and directly inform the Syngenta MDL Court and Settlement Class Counsel and Claim Administration of the Court's escrow order.

10. Farmers request preliminary injunctive relief under Fed. R. Civ. P. 23 and Fed. R. Civ. P. 57 which apply in any case in which the plaintiffs and the class have an ongoing relationship with the defendant that is affected or could be affected by a policy or practice on the part of the defendant. Farmers also request preliminary injunctive relief under 28 U.S.C. § 2201 which authorizes declaratory relief to construe a contract and § 2202 which authorizes the Court to provide declaratory and injunctive relief and assess applicable statutory damages and penalties for each invalid contract under authorities such as RICO, 18 U.S.C. § 1961, *et seq.*, the Prevention Of Consumer Fraud Act, Minn. Stat. §§ 325F.68-70, False Statement In Advertising Act, Minn. Stat. § 325F.67, Uniform

---

their clients. The escrow order is intended to hold the disputed funds pending the resolution of the *Kellogg* litigation – a requirement of the Minnesota Rules of Professional Conduct and the Rules of Professional Conduct of all states. *See* Minn. R. Prof. Conduct 1.15(b) ("If the right of the lawyer or law firm to receive funds from the account is disputed … the disputed portion must be restored to the account until the dispute is resolved."); *id.*, comment [3] (disputed attorneys' fees must be kept in trust account pending resolution of dispute); D.C. R. Prof. Conduct 1.15, comment [4] (lawyer is obligated to safeguard funds in segregated account until it is absolutely clear the attorney fee dispute is resolved). Because of the lawyer's duty of loyalty to the client, the client's mere assertion of a claim is enough to prevent the lawyer from collecting disputed attorney fees). *See In re Haar*, 667 A.2d 1350, 1353 (D.C. 1995) ("There is no requirement that the dispute be genuine, serious, or bonafide, … The lawyer may not take possession of property the ownership of which is disputed by the client until it is absolutely clear that the dispute with the client has been finally resolved.").

Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43-48, Misconduct by Attorneys/Penalties for Deceit or Collusion, Minn. Stat. §§ 481.071 and 481.07, the Minnesota private attorney general statute, Minn. Stat. § 8.31, and common law claims of breach of fiduciary duty, fraudulent misrepresentation, negligent misrepresentation, fraudulent inducement, fraudulent execution, aiding and abetting breach of fiduciary obligations and fraud, and civil conspiracy.

11. At an appropriate time, Farmers will ask the Court to declare that Defendants' retainer agreements with individual Class members are void *ab initio* and that Defendants have forfeited their claim to any compensation from individual Class members, and that Defendants have waived any quantum meruit claim against Farmers through their dishonest and unlawful representations and omissions and conduct. Farmers will move to amend the complaint to add a claim for punitive damages and request a jury trial on issues subject to a jury determination.

12. Farmers request such other and further relief as the Court deems just and equitable.

Farmers' motion will be timely supported with a meet and confer statement, memorandum of law and affidavits and declarations and exhibits pursuant to the requirements of Local Rule 7.1.

Dated: May 29, 2018

By: /s/ Douglas J. Nill
Douglas J. Nill (#0194876)

**DOUGLAS J. NILL, PLLC**
**d/b/a FARMLAW**
2050 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN  55402-1801
Telephone:  (612) 573-3669
Email:  dnill@farmlaw.com

Counsel for Plaintiffs and Proposed Class
Of Farmers

7