CASE 0:18-cv-01082-DWF-BRT   Document 88   Filed 08/09/18   Page 1 of 4
Case 2:14-md-02591-JWL-JPO   Document 3665   Filed 08/09/18   Page 1 of 4
Case MDL No. 2591   Document 791   Filed 08/01/18   Page 1 of 4

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SYNGENTA AG MIR162
CORN LITIGATION                                                        MDL No. 2591

TRANSFER ORDER

**Before the Panel**:[*] Plaintiff farmers in a District of Minnesota action (*Kellogg*) move under Panel Rule 7.1 to vacate the Panel's order conditionally transferring this action, which is listed on the attached Schedule A, to MDL No. 2591. Defendant attorneys[1] oppose the motion.

After considering the argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2591, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Transfer is warranted for reasons set out in our order directing centralization. In that order, we held that the District of Kansas was the appropriate transferee forum for actions sharing allegations regarding Syngenta's decision to commercialize the MIR162 genetically modified corn trait in the absence of Chinese approval to import corn with that trait. *See In re: Syngenta AG MIR162 Corn Litig.*, 65 F. Supp. 3d. 1401 (J.P.M.L. 2014).

Plaintiffs in *Kellogg* sue their attorneys over alleged misrepresentations and omissions they made in their initial solicitations – via multiple websites, television commercials and town hall-style meetings – and other communications with the putative class of corn farmer clients. Defendants filed approximately 60,000 individual suits in Minnesota state court ostensibly on behalf of the putative class in *Kellogg*, in what plaintiffs characterize as a scheme to increase their attorneys' fees. Plaintiffs are members of the current MDL settlement class that has a final approval hearing set for November 15, 2018.

Plaintiffs oppose transfer, arguing that their action presents distinct issues as to the validity and enforceability of agreements between defendants and their clients, and *Kellogg* should be allowed to proceed in Minnesota, where the 60,000 state court cases were filed. While no similar action appears to have been brought in this MDL by state court plaintiffs against their own attorneys,

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] Cross Law Firm, LLC; Dewald Deaver, P.C., LLO; Givens Law, LLC; Francisco Guerra; Daniel M. Homolka; Hovland and Rasmus, PLLC; Johnson Law Group; Law Office of Michael Miller; Mauro, Archer & Assocs., LLC; Patton Hoversten & Berg, P.A.; VanDerGinst Law, P.C.; Wagner Reese, LLP; Mikal C. Watts; Watts Guerra, LLP; Wojtalewicz Law Firm, Ltd.; Pagel Weikum, PLLP and Yira Law Office LTD.

CASE 0:18-cv-01082-DWF-BRT   Document 88   Filed 08/09/18   Page 2 of 4
Case 2:14-md-02591-JWL-JPO   Document 3665   Filed 08/09/18   Page 2 of 4
Case MDL No. 2591   Document 791   Filed 08/01/18   Page 2 of 4

-2-

*Kellogg* is replete with factual allegations of conduct that occurred in the Syngenta MDL proceedings. For instance, plaintiffs criticize the role of defendant Mikal Watts of Watts Guerra LLP, a member of the court-appointed Plaintiffs' Settlement Negotiating Committee, in negotiating the MDL settlement and alleged related side-deals concerning fees. Plaintiffs also assail defendants' entry into Joint Prosecution Agreements with MDL counsel and Minnesota state court-appointed lead counsel and the allegedly inappropriate exclusion of plaintiffs, without appropriate consultation, from classes certified before the current settlement class was reached.

Further underscoring the factual connection of *Kellogg* to the MDL, plaintiffs' allegations are similar to objections made by approximately 9,000 individual plaintiffs to the preliminary approval of the MDL settlement concerning the settlement's allegedly unfair treatment of individuals who were represented by counsel and already had filed suit. Though the transferee judge rejected the argument that these concerns should delay preliminary approval, he noted:

> Many class members who did not file individual suits may have retained counsel, and the amount of work performed by attorneys for individual plaintiffs will have varied greatly. Therefore, it could certainly be reasonable (within the range of reasonable settlements) to treat all class members the same for purposes of recovery, whether or not they filed their own suits. <u>In addition, any such argument may be made as an objection to final approval or in connection with attorney fee applications</u>.

*See In re: Syngenta*, D. Kansas, Case No. 14-2591, <u>doc. 3531 at 14-15</u> (April <u>10</u>, <u>2018</u>) (emphasis added). Transfer places *Kellogg* before the transferee judge, and it may inform his overall assessment of the fairness of the settlement and any subsequent requests for attorneys' fees.

Plaintiffs also argue that neither the settlement, nor Rule 23, authorizes the transferee judge to resolve this dispute over the validity of client contracts. That argument misses the point. We need not speculate about the precise contours of the transferee judge's authority. If the settlement or Rule 23 does not provide a basis to limit or declare the attorney fee contracts at issue void *ab initio*, as plaintiffs request, then transfer of *Kellogg* provides a ground for doing so, if such relief is indeed warranted. Should the transferee judge agree with plaintiffs that this dispute can be resolved more appropriately in the District of Minnesota, he can suggest Section 1407 remand to that district after he has had the opportunity to examine plaintiffs' serious allegations of misconduct occurring, in part, in the MDL.[1]

---

[1] For example, Judge Lungstrum may wish to examine plaintiffs allegations of improper exclusion of the plaintiffs from a prior certified class. *See Kellogg* Complaint at ¶ 182 ("when the courts approved class notice that automatically excluded Defendants' 60,000 clients from the class definition and the obligatory Rule 23 notice and opt-out requirements, the courts erred in accepting Defendants' sleight-of-hand claim that Farmers were never part of the class because they were excluded from the class by the JPA and MPA. The courts accepted Defendants' claim because they presumed, in orders approving class notice, that Defendants had satisfied their fiduciary and ethical obligations to procure informed consent from individual Farmers to be automatically excluded from the class proceedings.").

CASE 0:18-cv-01082-DWF-BRT   Document 88   Filed 08/09/18   Page 3 of 4
Case 2:14-md-02591-JWL-JPO   Document 3665   Filed 08/09/18   Page 3 of 4
Case MDL No. 2591   Document 791   Filed 08/01/18   Page 3 of 4

-3-

Plaintiffs alternatively sought to stay the issuance of our transfer order so they may pursue a writ of mandamus challenging our transfer decision. *See* 28 U.S.C. § 1407(e). We decline this request. If plaintiffs choose to pursue appellate relief, they can do so in the normal course.

IT IS THEREFORE ORDERED that this action is transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable John W. Lungstrum for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Marjorie O. Rendell             Charles R. Breyer
Ellen Segal Huvelle             R. David Proctor
Catherine D. Perry

ECF DOCUMENT
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the District of Kansas.
Date filed: August 9, 2018
Clerk, U.S. District Court
By: M. Gonzales, Deputy Clerk

CASE 0:18-cv-01082-DWF-BRT   Document 88   Filed 08/09/18   Page 4 of 4
Case 2:14-md-02591-JWL-JPO   Document 3665   Filed 08/09/18   Page 4 of 4
Case MDL No. 2591   Document 791   Filed 08/01/18   Page 4 of 4

IN RE: SYNGENTA AG MIR162
CORN LITIGATION                                                          MDL No. 2591

## SCHEDULE A

<u>District of Minnesota</u>

KELLOGG, ET AL. v. WATTS GUERRA, LLP, ET AL., C.A. No. 0:18-1082